## SUPREME COURT

HENRY H. WILKINSON agt. EDWARD LITTLEWOOD and others, as executors of the last will and testament of JOHN LITTLEWOOD, deceased.

*Costs — When to be allowed against an executor in his representative capacity — Code of Civil Procedure, sections 1835, 1836.*

Where a claim was presented to J., an attorney of an executor, and was disputed and an offer was made to refer the same under the statute, and afterwards plaintiff's attorneys served upon J. a written notice directed to him as attorney for the executor renewing plaintiff's offer to refer and to appear before the surrogate at such reasonable time as he, J., should name to have the reference agreed upon and perfected, concluding as follows: "And you will also take notice that your omission to appoint a time for a meeting before the surrogate will be regarded as a refusal to refer." And in response to such notice the plaintiff's attorneys were served with a written notice from J. stating, in substance, that the alleged claim had been withdrawn by the person who presented it and that there was "no subject matter for a reference and no occasion for the choice of a referee:"

Wilkinson agt. Littlewood.

*Held,* that this amounted to a refusal to refer and is sufficient to entitle plaintiff to costs, &c., unless the withdrawal of the claim as alleged would prevent. But the defendants having alleged such withdrawal should establish it affirmatively.

The plaintiff's attorneys having pressed their claim continually, and defendants having had every opportunity to refer before the commencement of the action, they not having taken steps to secure a proposed reference, the plaintiff having succeeded is entitled to recover his taxable costs and disbursements.

*Greene County Special Term,* 1884.

Motion by plaintiff for allowance of costs after recovery against the defendants.

*Hawver & Cochrane,* for plaintiff and motion.

*John Cadman* and *P. M. Jordan,* for defendants, opposed.

Osborn, *J.* — In October, 1882, the plaintiff caused to be presented to P. M. Jordan, Esq., counselor, &c., a claim against defendants for services alleged to have been rendered by plaintiff for their testator. Subsequently by a writing bearing date October 12, 1882, executed by one of the defendants, addressed and delivered to plaintiff, the said claim was disputed and an offer made to refer the same under the statute, &c. Plaintiff then placed his claim in the hands of his present attorneys, and several interviews between them and Mr. Jordan followed. Thus far the parties substantially agree. It is claimed by defendants that in *all* of his communications with plaintiff's attorneys Mr. Jordan insisted that the claim in suit had been withdrawn from the executors, while the plaintiff contends that no such position was taken by Mr. Jordan at the first and second interviews between him and plaintiff's attorneys, but on both occasions they differed only as to selection of a satisfactory referee, and the withdrawal of the claim was not advanced by Mr. Jordan until some time afterwards. But the view I have taken of the matter renders it unnecessary to examine critically the unfortunate misunderstanding between counsel.

On March 27, 1883, the plaintiff by his attorneys served upon Mr. Jordan a written notice, directed to him as attorney for defendants, renewing plaintiff's offer to refer, &c., and to appear before the surrogate at such reasonable time as he, Jordan, should name, to have the reference agreed upon and perfected, concluding as follows : " And you will also take notice that your omission to appoint a time for meeting before the surrogate will be regarded as a refusal to refer."

On the following day, in response to such notice, the plaintiff's attorneys were served with a written notice from Mr. Jordan, stating in substance that the alleged claim had been withdrawn by the person who presented it, and that there was " no subject matter for a reference and no occasion for the choice of a referee." This, in my judgment, amounted to a refusal to refer, and is sufficient to entitle plaintiff to costs, &c., unless possibly the withdrawal of the claim as alleged would prevent. But the defendants having alleged such withdrawal should establish it affirmatively. It is insisted by defendants that Mr. Stupplebeen who presented the claim withdrew it a few days afterwards, but Mr. Stupplebeen swears positively that he never withdrew it. The plaintiff himself swears that *he* never withdrew it nor authorized *any* person to do so for him. Such denials meet defendants' allegations of a withdrawal sufficiently upon the papers submitted, and hence I am unable to find that defendants have established that fact affirmatively.

It is urged that there is no proof that Mr. Jordan was authorized to act for the executors in referring this claim. It was presented to him, and such presentation ratified by the executors in their subsequent rejection and offer to refer. I think that such ratification, together with other evidence in the case of Mr. Jordan's authority as attorney and counsel for defendants, was sufficient to lead plaintiff and his attorneys to deal with Mr. Jordan in the matter, and thereby bind the defendants for the purpose of this motion at least (*See Russell* agt. *Lane*, 1 *Barb.*, 525, 526).

Plaintiff's attorneys seem to have pressed this claim continually, and defendants had every opportunity to refer before the commencement of this action. They did not take steps to secure a proposed reference, and it seems to me that the plaintiff having succeeded herein ought to recover his taxable costs and disbursements.

An order accordingly may be entered, with ten dollars costs of motion.